IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MADYUN ABDULHASSEB a/k/a JERRY THOMAS, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CIV-15-1113-W ) ) |
| ROBERT PATTON, Director, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging the execution of his sentences. Respondent has moved to dismiss the action, and Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Respondent's Motion to Dismiss be granted in part and denied in part and that the Petition be denied.

Petitioner is serving a 75-year term of imprisonment for his conviction of Robbery in the First Degree after former felony convictions and a concurrent 75-year term of imprisonment for his conviction of Burglary in the Second Degree after former felony convictions. Petitioner began serving these sentences on January 15, 1982. Petitioner is also serving a 150-year term of imprisonment for his conviction of Rape in the First Degree after former felony convictions. Petitioner began serving this sentence, which runs concurrently

1

with his other sentences, on June 4, 2001. Petitioner is currently incarcerated at the Lawton Correctional Facility ("LCF") located in Lawton, Oklahoma.

In his Petition, Petitioner has raised several issues concerning the execution of his sentences. In his first ground, Petitioner contends that an Oklahoma Department of Corrections ("ODOC") policy establishing an achievement credit program effective July 1, 2014, should be applied retroactively to his sentences beginning in January 1982.[1] Petitioner admits that he is being awarded these credits beginning July 1, 2014, but states that he is being denied retroactive award of these credits. In this claim, Petitioner is apparently also seeking credits for blood donations.

In his second ground, Petitioner contends that he should be awarded sentence credits "for work in municipality" or "participation in private prison industries." Petition, at 13. The gist of Petitioner's argument is that his incarceration in a private prison is either comparable to a "county or municipality" work project as contemplated in ODOC policy OP-060211(II)(F)(5)(c) or work in a "private prison industry" as contemplated by ODOC policy OP-060122(II)(F)(5)(b). In his third ground, Petitioner contends that Oklahoma "lost jurisdiction of the matter" when it "signed into law a new law called Truth in Sentencing."

I. Standard of Review

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). All well-pleaded facts, as

---

[1] In this claim, Petitioner refers to the "good conduct credits" provided in ODOC policy OP-060211(II)(E)(5)(c). Under this policy, effective July 1, 2014, 15 good conduct achievement credits are awarded to reduce offenders' sentences for every month that an offender has no misconduct convictions. Respondent's Motion to Dismiss, Ex. 5, at 19.

distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most favorable to the non-moving party. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, a complaint must present factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). See Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997)(courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf"). A court evaluating a Rule 12(b)(6) motion to dismiss may consider the complaint as well as any documents attached to it as exhibits. Hall, 935 F.2d at 1112.

II. Good Conduct Achievement Credits

Petitioner contends in his first ground for habeas relief that ODOC policy OP-060211(II)(E)(5)(c) should be retroactively applied to his sentences beginning in April 1982. Respondent contends that this claim is time-barred.

Under 28 U.S.C. § 2244(d), a one-year limitation period applies to a petition for a writ of habeas corpus filed in federal district court. This § 2241 Petition is subject to the one-year limitation period prescribed in 28 U.S.C. § 2244(d). Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003). With respect to this action, the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

On December 30, 2014, Petitioner submitted a Request to Staff to "Ms. Black, Records" at LCF. In this Request to Staff, Petitioner stated that "[i]n July 2014, you began awarding me 15 days monthly good time credit. I believe that the awarding of the good time credit was to be applied retroactively back to January 1982." Petition, Ex. B. An LCF staff member responded to Petitioner on January 5, 2015, that "[t]he policy for 15 GCAs per month became effective July 1, 2014. It is not retroactive." Id.

Petitioner submitted a grievance dated January 9, 2015, to LCF Warden Rios concerning the issue. Id. Warden Rios responded on January 12, 2015, that relief was denied because "[t]he request to staff is answered correctly" and "[t]here is no backdating stated within this policy." Id. Petitioner received notice of this decision on January 16, 2015. Petitioner submitted an appeal of the grievance decision to ODOC's administrative review authority ("ARA") and received a response dated February 11, 2015, in which the ARA stated that it had affirmed the Warden's decision and relief was denied. Id.

Because it appears that Petitioner timely pursued administrative remedies concerning

4

his claim, Petitioner's one-year limitations period began on February 12, 2015, the day after the ARA's decision in his administrative appeal. See Dulworth, 442 F.3d at 1268 (holding that where inmate timely and diligently exhausted his administrative remedies §2244(d)(1)(D)'s one-year limitation period did not begin until the decision rejecting his administrative appeal became final). Petitioner's habeas Petition, filed October 6, 2015, is timely filed within the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1). Therefore, Respondent's Motion to Dismiss Petitioner's first ground for habeas relief as time-barred should be denied.

On its merits, Petitioner has not shown entitlement to habeas relief with his claims in ground one of the Petition. Pursuant to ODOC policy OP-060211(II)(E), "[e]ffective November 1, 1988, 'additional achievement earned credits' will be awarded for successful completion of agency approved programs or for attaining goals or standards set by the agency (57 O.S. 183(H)). For a list of approved programs, refer to OP-090101 entitled 'Standards of Offender Programs.'" Respondent's Motion to Dismiss, Ex. 5, at 17. Petitioner does not allege, and there is no evidence showing, that he completed any of the approved programs. Thus, Petitioner has not shown that he was entitled to good conduct achievement credits under this policy.

Pursuant to ODOC policy OP-060211(II)(E)(5)(a), "[e]ffective September 1, 2009 through June 30, 2014, beginning upon reception, all eligible offenders, to include those currently incarcerated, will be awarded 30 achievement credits for every four months of continued good conduct. Good conduct is defined as no misconduct convictions or pending

5

misconduct." Respondent's Motion to Dismiss, Ex. 5, at 18. However, this policy also states that "[e]ffective September 1, 2009 through June 30, 2014, good conduct achievement credits will not be awarded to offenders serving a conviction during the current incarceration [for] (1) Any sex offense in accordance with OP-020307 entitled 'Sex and Violent Crime Offender Registration; [or] Rape I [or] Robbery I . . . ." Id. at 18-19 (ODOC policy OP-060211(II)(E)(5)(b)). Because Petitioner is serving a sentence for a conviction of first degree rape and a concurrent sentence for a conviction of first degree robbery, Petitioner was not entitled to receive earned credits under this policy between September 1, 2009 and June 30, 2014.

Pursuant to ODOC policy OP-060211(II)(E)(5)(c), "[e]ffective July 1, 2014, beginning upon reception, all eligible offenders to include those currently incarcerated, will be awarded 15 achievement credits every month of continued good conduct. Good conduct is defined as no misconduct convictions." Id. at 19. The wording of this policy, on its face and considered in conjunction with the previous iterations of the achievement credits policy, simply expands the eligibility of offenders for the purpose of awarding good conduct achievement credits. This new policy does not indicate any intent to award good conduct achievement credits retroactively to the sentences of offenders being served prior to the policy's effective date. Thus, Petitioner's claim seeking the retroactive application of good conduct achievement credits under this expanded policy has no merit. Petitioner is not entitled to habeas relief concerning this claim.

To the extent Petitioner seeks an award of sentence credits for blood donations, the

policy governing credit for blood donations ceased to be effective on November 1, 1988, pursuant to ODOC policy OP-060211(II)(L)(5). Id. at 36-37. Assuming that at some point in the distant past, prior to November 1, 1988, Petitioner actually donated blood, Petitioner has been provided monthly reports of his sentence calculations, see https://www.ok.gov/doc/documents/op060211.pdf (ODOC policy OP-060211(VI)(L)(providing that each ODOC facility head must provide an inmate with a monthly report reflecting his or her projected release date). Petitioner therefore had knowledge that he was not given credit for blood donations many years before the filing date of the instant Petition. Thus, Petitioner's claim seeking sentence credits for alleged blood donations is barred by the limitation period prescribed in 28 U.S.C. § 2244(d)(1)(D), and Petitioner has not alleged or shown that either statutory or equitable tolling principles would apply to extend the limitation period.

III. Sentence Credits for Time of Incarceration in Private Prisons

In Petitioner's second ground for habeas relief, Petitioner makes the novel argument that he should be awarded sentence credits for the entire amount of time he has been incarcerated in private prisons in Oklahoma. He bases this argument on ODOC policy providing for the award of earned credits to reduce the sentences of offenders who work in private prison industries or who perform work for municipalities during their incarceration.[2]

---

[2]ODOC policy OP-060211(II)(F)(5)(b) provides, in relevant part, that "[e]ffective November 1, 1984, offenders who satisfactorily participate in work for Oklahoma Correctional Industries (OCI), private prison industries, agricultural production, or as a student in a vocational training program approved or provided by DOC will be granted two days deduction from their sentences for each day of documented participation." ODOC policy OP-060211(II)(F)(5)(c) provides, in relevant part, that "[e]ffective April 7, 1980, offenders assigned to a county or municipality for work projects

7

Petitioner contends that incarceration in a private prison in Oklahoma is the "functional equivalent[ ]" to working in private prison industries or working in a municipality. Petition, at 15. Respondents contends that this claim is time-barred and, alternatively, that Petitioner failed to exhaust available administrative remedies concerning this claim.

Petitioner submitted a grievance dated November 14, 2014, to LCF Warden Rios in which Petitioner asserted:

> I spent 7 years at [Great Plains Correctional Facility] from 1999 to 2006. I have spent nearly six at LCF/GEO. I only received Ekstrand [credits] for time done in vo-techs. However, I believe I am eligible for #6 credit rating for every day I have spent in private prisons as private prisons are for profit private industries who contract with ODOC to provide approved programs, job, and services in exchange for monetary reward. Under the law and OPS, I should have been awarded nearly 26 years earned credit[s] for time done at GPCF and LCF.

Motion to Dismiss, Ex. 4. Petitioner cited various state statutes and policies in support of this grievance.

In response to Petitioner's grievance, Warden Rios advised Petitioner that his "grievance has been reviewed. Ms. Stinson of Records has given you earn[ed] credit since June 2009. Please see the attached letter, CRC card, and an excepts [sic] from OP 060211." Id. In the letter attached to the grievance response, Ms. Stinson, advised Petitioner that he had been awarded "E5 credits" for his position as an orderly on June 22, 2009, and for his participation in the CRAFT Program between July 7, 2009 and July 29, 2010, and that he had

---

will be awarded three earned credits for each day of documented participation." Respondent's Motion to Dismiss, Ex. 5, at 22.

been awarded "E6 credits" for his participation in a Basic Computers Class between June 20, 2011 and June 2, 2014. The official advised Petitioner that an "additional 136 earn[ed] credits [were] subtracted" from his sentence calculation "due to being enrolled in Basic Computers." Id.

According to Respondent, the references in the ODOC official's letter to "E5" and "E6" credits are references to earned credits under ODOC policy OP-060211 (II)(F)(5) and (6). The ODOC official appears to have corrected Petitioner's sentence calculations in order to account for his participation in certain prison programs, including a "CRAFT Program" and a "Basic Computers Class." Nothing in this letter reflects that Petitioner was given additional earned credits for simply being confined to one or more private prisons in Oklahoma.

Respondent asserts that Petitioner did not appeal the Warden's decision to the ARA and that he therefore failed to exhaust available administrative remedies concerning this claim. In response, Petitioner contends that he could not appeal from the Warden's decision which granted relief. Petitioner admits, however, that he was not granted relief as to his request for earned credits for all of the time he has been incarcerated in private prisons. Petitioner failed to exhaust available administrative remedies concerning his claim in ground two. Moreover, as Respondent alternatively argues, Petitioner is barred from asserting this claim because the claim is time-barred.

In this case, the one-year limitation period prescribed in 28 U.S.C. § 2244(d)(1)(D) would begin to run on the date Petitioner, exercising due diligence, could have discovered

9

the factual predicate of his claim. According to Petitioner, he was confined in a private prison in Oklahoma beginning in 1999. Oklahoma requires that inmates receive a monthly accounting of sentence credits. Okla. Stat. tit. 57, § 138(l)(2). Petitioner does not contend he has not received his monthly accountings of his sentence credits. Petitioner would have been aware of the fact he was not being awarded sentence credits under ODOC policy OP-060211(II)(F)(5)(b) and/or (c) in 1999 when he received his monthly sentence calculation reports. Hence, Petitioner's claim that his sentences have not been properly calculated to account for his confinement in a private prison in Oklahoma is time-barred, and Respondent's Motion to Dismiss this claim should be granted.

Even assuming that Petitioner exhausted administrative remedies or was prevented from doing so, or that the claim is not time-barred, the claim is meritless. The plain language of ODOC's earned credits policy is determinative. The policy provides for an award of credits only for an offender's participation in specific work programs. Incarceration in a private prison is not functionally equivalent to participating in a work program, and Petitioner is not entitled to habeas relief concerning this claim.

IV. Truth in Sentencing Act

In his third and final ground for § 2241 habeas relief, Petitioner contends that ODOC "lost jurisdiction" over his sentences when the Oklahoma legislature passed the Oklahoma Truth in Sentencing Act. Petitioner's claim is based on a misinterpretation of state law.[3] As the Tenth Circuit Court of Appeals stated in March 2005, the Oklahoma legislature passed

---

[3]The undersigned declines to address the procedural issues of exhaustion and statute of limitations asserted in Respondent's Motion to Dismiss as to this claim.

a bill entitled Oklahoma Truth in Sentencing Act (the "Act") and scheduled the Act to become effective on July 1, 1998. Collins v. Workman, 125 Fed. App'x. 246, 248 (10th Cir. 2005)(unpublished op.). The law was subsequently amended to take effect on July 1, 1999. Id. However, "[o]ne day before the law was to take effect, the state legislature repealed it, effective on July 1, 1999." Id. The Act thus "never went into effect and . . . it did not create any federal constitutional claims for those seeking habeas relief." Id. (citing Teague v. Hines, 232 F.3d 902, 2000 WL 1629445, *1-2 (10th Cir. 2000)(unpublished op.); Turner v. Champion, 198 F.3d 259, 1999 WL 1032972, *1 (10th Cir. 1999)(unpublished op.).

Petitioner has not stated a viable constitutional claim with his allegations in ground three of the Petition, and he is not entitled to habeas relief concerning this claim.

## RECOMMENDATION

Based on the foregoing findings, (1) as to Petitioner's claim in ground one seeking good conduct achievement credits, it is recommended that Respondent's Motion to Dismiss the claim as time-barred be DENIED and the claim be denied on its merits; (2) as to Petitioner's claim in ground one seeking "blood donation" credits, it is recommended Respondent's Motion to Dismiss be granted and that this claim be dismissed as time-barred; (3) as to Petitioner's claim in ground two seeking credits for confinement in one or more private prisons in Oklahoma, it is recommended that Respondent's Motion to Dismiss be GRANTED and this claim be dismissed for failure to exhaust administrative remedies and, alternatively, as time-barred; and (4) as to Petitioner's claim in ground three, it is recommended the claim be DENIED for failure to state a constitutional claim.

The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by <u>     January 5th</u>, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this <u>  16th  </u> day of <u>     December     </u>, 2015.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE