IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

MADYUN ABDULHASEEB, )
             Petitioner, )
vs. ) No. CIV-15-1113-W
JOE M. ALLBAUGH, Interim )
Director, Oklahoma Department )
of Corrections,[1] )
             Respondent. )

## ORDER

On December 16, 2015, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss filed by respondent Joe M. Allbaugh, Interim Director, Oklahoma Department of Corrections, be granted in part and denied in part and that the Petition for a Writ of Habeas Corpus ("Petition") filed by petitioner Madyun Abdulhaseeb, proceeding pro se, be denied. The parties were advised of their right to object, and the matter now comes before the Court on Abdulhaseeb's Objections to Report and Recommendation [Doc. 19] and his Motion to Submit Supplemental Declaration [Doc. 20]. Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of Allbaugh's Motion to Dismiss and the three grounds for relief asserted by Abdulhaseeb in his Petition.

---

[1]Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, and Rule 25(d), F.R.Civ.P., Joe M. Allbaugh, Interim Director, Oklahoma Department of Corrections is SUBSTITUTED as the respondent in this action. See Doc. 10 at 1 n.1.

Abdulhaseeb, who is currently incarcerated in Lawton Correctional Facility ("LCF") in Lawton, Oklahoma, is serving two concurrent 75-year terms of imprisonment, after having been convicted in the District Court for Oklahoma County, Oklahoma, of Robbery in the First Degree, after former felony convictions, and Burglary in the Second Degree, after former felony convictions. He began serving these sentences on January 15, 1982. Abdulhaseeb is also serving concurrently with those sentences a 150-year term of imprisonment, after being subsequently convicted in that same district court of Rape in the First Degree, after two or more felony convictions. He began serving this sentence on June 4, 2001.

In his Petition filed pursuant to title 28, section 2241 of the United States Code, Abdulhaseeb has challenged the execution of his sentences. Grounds One and Two focus on Oklahoma Department of Corrections ("ODOC") Policy OP-060211,[2] which governs sentence administration issues for Oklahoma inmates, and in particular, on Section II of that policy, which describes "several kinds of time credit[s]," ODOC Policy OP-060211, Section II, and sets forth the procedures for their application.

Section II.E recognizes "additional achievement earned credits," id. Section II.E, one type of which is "good conduct achievement credits." ODOC Policy OP-060211, Section II.E.5. As set forth in the Report and Recommendation, Ground One to the extent based on "good conduct achievement credits" is timely-brought, and respondent Allbaugh has not

---

[2]The Court has examined, as did Magistrate Judge Purcell, the version of ODOC Policy OP-060211, Section II, effective September 10, 2015.

challenged this finding.[3] As further set forth in Magistrate Judge Purcell's Report and Recommendation, however timely this portion of Abdulhaseeb's claim may be, it provides no basis for the relief Abdulhaseeb has requested: an award of "approximately 5940 days or 16 years, 3 months and 10 days . . . for good conduct." Doc. 1 at 7; e.g., id. at 6 ("15 days a month from 1982 to 2014).

Section II.E[4] provides in pertinent part, "[e]ffective November 1, 1988, 'additional achievement earned credits' will be awarded . . . for attaining goals or standards set by the agency . . . ." ODOC Policy OP-060211, Section II.E (citation omitted). One articulated "goal and expected standard . . . is that offenders demonstrate and maintain good conduct." Id. Section II.E.5.

Good conduct achievement credits are granted under Section II.E.5.c to those offenders who have demonstrated the necessary good conduct by "meeting . . . [certain] conditions[,]" id.:

> [e]ffective July 1, 2014, beginning upon reception, all eligible offenders to include those currently incarcerated, will be awarded 15 achievement credits every month of continued good conduct. Good conduct is defined as no misconduct convictions.

ODOC Policy OP-060211, Section II.E.5.c.

---

[3]The one-year limitation period provided in title 28, section 2244(d) of the United States Code applies to Abdulhaseeb's Petition. That period began to run for purposes of this claim on February 12, 2015, the day after ODOC's administrative review authority rendered his decision in Abdulhaseeb's administrative appeal. The instant Petition was filed at the latest on October 6, 2015; therefore, Abdulhaseeb's claim seeking good conduct achievement credits was timely filed.

[4]Section II.E also provides that "[e]ffective November 1, 1988, 'additional achievement earned credits' will be awarded for successful completion of agency approved programs . . . ." ODOC Policy OP-060211, Section II.E. In his Petition, Abdulhaseeb focused on, and cited to, Section II.E.5.c, which pertains to "additional achievement earned credits" for "continued good conduct." The Court therefore has not considered whether Abdulhaseeb has completed any program described in ODOC Policy OP-090101 and been denied credit for the same.

3

Abdulhaseeb has conceded that he has been awarded good conduct achievement credits since July 1, 2014. He has contended in Ground One that he is also eligible to receive a retroactive award of good conduct achievement credits under this section, beginning in 1982.

As Magistrate Judge Purcell found in his Report and Recommendation, while Section II.E.5.c "expands the eligibility of offenders for the purpose of awarding good conduct achievement credits[,]" Doc. 18 at 6, to include those deemed ineligible by prior ODOC policies,[5] this section does not, expressly or otherwise, apply retroactively and/or entitle these newly-eligible offenders to an award of good conduct achievement credits before July 1, 2014. Accordingly, the Court finds Ground One to the extent based on Section II.E.5.c provides no relief.

---

[5]ODOC Policy OP-060211, Section II.E awarded good conduct achievement credits to offenders who met the conditions outlined in Section II.E.5.a:

> Effective September 1, 2009 through June 30, 2014, beginning upon reception, all eligible offenders, to include those currently incarcerated, will be awarded 30 achievement credits for every four months of continued good conduct. Good conduct is defined as no misconduct convictions or pending misconduct.

ODOC Policy OP-060211, Section II.E.5.a. That section, however, was subject to the limitations found in Section II.E.5.b:

> Effective September 1, 2009 through June 30, 2014, good conduct achievement credits will not be awarded to offenders serving a conviction during the current incarceration who have committed . . . [a]ny sex offense in accordance with [ODOC Policy] OP-020307 entitled "Sex and Violent Crime Offender Registration[,]" . . . or . . . Rape I [or] Robbery I . . . .

ODOC Policy OP-060211, Section II.E.5.b(1), (b)(3)(emphasis added).
Because Abdulhaseeb had been convicted of, and was serving concurrent sentences for Rape in the First Degree and Robbery in the First Degree, he was not entitled to receive any good conduct achievement credits between September 1, 2009, and June 30, 2014.

4

Abdulhaseeb has also sought an award of sentence credits for blood donations in Ground One of his Petition. As Magistrate Judge Purcell found, this claim is untimely.

The one-year limitation period provided in title 28, section 2244(d) of the United States Code begins to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "The accumulated time of every inmate [is] . . . tallied monthly," 57 O.S. § 138(I), and "[a] record of [that] . . . accumulated time [is] . . . [p]rovided to the inmate." Id. § 138(I)(2). See ODOC Policy OP-060211, Section VI.L.

"Effective November 1, 1988, credit for blood donations no longer exist[ed] under state law." ODOC Policy OP-060211, Section II.L.5. If Abdulhaseeb had donated blood in the requisite amount prior to that date, he would have known when he received his monthly reports that he had not been awarded credit for his donations. Because Abdulhaseeb would have known "the factual predicate of [his] . . . claim[,]" 28 U.S.C. § 2244(d)(1)(D), at the latest in 1988, the instant Petition seeking sentence credits for blood donations was filed well-beyond the applicable one-year period.

As stated, Ground Two of Abdulhaseeb's Petition also concerns ODOC Policy OP-060211. For purposes of this claim for relief, Abdulhaseeb has relied on Section II.F, which pertains to earned credits from September 8, 1976, to October 31, 1988. Section II.F provides that "[e]ffective September 8, 1976, each offender involved in a qualifying activity will be granted deductions from his[ ] sentence for each day of participation[,]" ODOC Policy OP-060211, Section II.F, in that activity. Section II.F.5.b grants sentence deductions to "offenders who satisfactorily participate in work for . . . private prison

5

industries," id. Section II.F.5.b;[6] Section II.F.5.c "award[s] . . . earned credits for each day of documented participation," id. Section II.F.5.c, to "offenders assigned to a county or municipality for work projects." Id.[7]

Abdulhaseeb has argued that incarceration in private prisons in Oklahoma, such as LCF, where he is currently incarcerated, and Great Plains Correctional Facility ("GPCF") in Hinton, Oklahoma, where he was incarcerated beginning in 1999, is "the functional equivalent[ ] to work in private prison industries and work in municipalities." Doc. 1 at 15. He has contended that he should therefore be awarded sentence credits under these two sections because LCF and GPCF, like private prison industries and municipalities, "sell their services and products to ODOC under contract." Id. at 14.

Even assuming that Ground Two is not time-barred as Allbaugh has argued,[8] the Court finds Abdulhaseeb is not entitled to relief. Section II.F grants deductions from sentences to "offenders involved in a qualifying activity[.]" ODOC Policy OP-060211,

---

[6]ODOC Policy OP-060211, Section II.F.5.b provides, in relevant part, that "[e]ffective November 1, 1984, offenders who satisfactorily participate in work for . . . private prison industries . . . will be granted two days deduction from their sentences for each day of documented participation."

[7]ODOC Policy OP-060211, Section II.F.5.c provides, in relevant part, that "[e]ffective April 7, 1980, offenders assigned to a county or municipality for work projects will be awarded three earned credits for each day of documented participation."

[8]As stated, Oklahoma inmates receive a monthly accounting of sentence credits. See 57 O.S. § 138(I)(2); ODOC Policy OP-060211, Section VI.L. Because Abdulhaseeb has not alleged in his Petition that he did not receive these monthly accountings, he would have been aware in 1999–the year he has alleged he was first confined in GPCF–that he had not been awarded sentence credits under either Section II.F.5.b or Section II.F.5.c. Abdulhaseeb therefore knew the factual predicate of Ground Two as early as 1999. Accordingly, any claim in the instant Petition that his sentences have not been properly calculated under either of these two sections is time-barred. E.g., 28 U.S.C. § 2244(d)(1)(one year begins to run on date on which factual predicate of claim could have been discovered through exercise of due diligence).

Section II.F. "Work," which is defined as "[a] job assignment," id. Section II.F.1.a, is a qualifying activity. Abdulhaseeb has provided no authority or persuasive argument that supports the proposition that incarceration in a private prison, alone, is "functionally equivalent" to "work", "[a] job assignment," "participat[ion] in work for . . . private prison industries" or an "assign[ment] to a county or municipality for work projects." Accordingly, Ground Two provides no relief.

In Ground Three, Abdulhaseeb has contended that Oklahoma "lost jurisdiction," Doc. 1 at 13, when the Oklahoma legislature "repealed all laws under which [he] . . . was convicted and sentenced[,] id. at 26, and "signed . . . a new law called Truth in Sentencing." Id. at 13. He has argued that "[t]he 1997 Truth in Sentencing Act is still law[,]" Doc. 19 at 20, and "is the only law . . . [under which Oklahoma] legally has jurisdiction to execute . . . [his] sentences." Doc. 1-13 at 3, ¶ 19. The Court disagrees.

In 1997, the state legislature passed the Oklahoma Truth in Sentencing Act ("Act"), 1997 Okla. Sess. Laws, 1 Reg. Sess., ch. 133 § 4(6)(to be codified at 21 O.S.§ 14(6)(1997 Supp.)); it was scheduled to take effect July 1, 1998. See 1997 Okla. Sess. Laws, 1st Reg. Sess., ch. 133 § 612 (eff. July 1, 1998). The Act was subsequently amended to be effective July 1, 1999, see 1998 Okla. Sess. Laws, 1st Ex. Sess., ch. 2 § 23 (eff. July 1, 1999), but "[o]ne day before the law was to take effect, the state legislature repealed it, effective . . . July 1, 1999." Collins v. Workman, 125 Fed. Appx. 246, 248 (10th Cir. 2005) (citing 1999 Okla. Sess. Laws, 1st Ex. Sess., ch. 5 § 452 (eff. July 1, 1999))(cited pursuant to Tenth Cir. R. 32.1).

Because "the Act never went into effect . . . [,] it did not create any federal constitutional claims for those seeking habeas relief." Id. (citations omitted). Accordingly, Abdulhaseeb has not stated an actionable claim for relief in Ground Three.

Based on the foregoing, the Court

(1) ADOPTS the Report and Recommendation [Doc. 18] issued on December 16, 2015;

(2) GRANTS in part[9] and DENIES in part[10] Allbaugh's Motion to Dismiss [Doc. 12] filed on November 19, 2015;

(3) DENIES Abdulhaseeb's Petition [Doc. 1] file-stamped October 6, 2015, as to Ground One (good conduct achievement credits), Ground Two and Ground Three;

(4) deems MOOT Abdulhaseeb's Motion to Exceed the Number of Pages for Original Habeas Petition [Doc. 3] file-stamped October 6, 2015;

(5) GRANTS Abdulhaseeb's Motion to Submit Supplemental Declaration [Doc. 20] file-stamped January 5, 2016, and deems Abdulhaseeb's declaration attached thereto, see Doc. 20-1, part of the record; and

(6) DIRECTS judgment in accordance with this Order to issue forthwith.

ENTERED this 26th day of January, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[9] Dismissal of Ground One (sentence credits for blood donations) and Ground Two as time-barred is warranted.

[10] Dismissal of Ground One (good conduct achievement credits) on the grounds of exhaustion and/or untimeliness is not warranted.

8